No. 20,086.

DOLLY MURRAY, *Appellee*, v. THE EMPIRE DISTRICT ELECTRIC COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Opening Flood Gates of Dam—Flooding Public Road Crossing—Traveler Drowned—Pleadings.* Where a petition alleges an injury to have been caused by the negligent act of the defendant, a demurrer is rightly sustained to a part of an answer additional to a general denial, which merely states that the action of the defendant complained of was rightful.

2. SAME. A demurrer is properly sustained, in an action based upon the negligence of the defendant, to a defense which merely alleges that the injury complained of was due to the negligence of a third person.

Appeal from Cherokee district court; JAMES N. DUNBAR, judge. Opinion filed July 10, 1915. Affirmed.

*A. E. Spencer,* of Joplin, Mo., *William F. Sapp,* and *A. S. Wilson,* both of Galena, for the appellant.

*C. A. McNeill,* of Columbus, and *C. V. Buckley,* of Joplin, Mo., for the appellee.

The opinion of the court was delivered by

MASON, J.: Dolly Murray began an action against the Empire District Electric Company for causing the death of her husband by the negligent operation of its dam on Spring river. The defendant filed an answer setting out these four defenses: (1) a general denial; (2) contributory negligence; (3) the lawfulness of its use of the dam; and (4) negligence of third persons. The plaintiff demurred to the third and fourth defenses. The demurrer was sustained and the defendant appeals.

The petition alleged that the plaintiff's husband was traveling with a team and wagon, along an Oklahoma highway,

where it crosses the river by a ford, about three and a half miles below the defendant's dam. "That the defendant carelessly and negligently and without giving plaintiff's said husband any warning, notice or signal, and without having any warning, signal or notice at said ford, opened the gates, doors or other means of releasing and discharging the water of said river in said dam, and carelessly and negligently caused said water in great quantities to rush and flow down said stream so that an immense flood poured down said stream so that an immense flood poured down upon plaintiff's said husband, thereby drowning him to death; that the defendant knew of the constant use and public travel on said road and of the presence of plaintiff's husband thereon, and should have reasonably expected such road and ford would be in use at said time, or by the exercise of ordinary care could have known of the presence of deceased and travelers on said road in said river and could have prevented said flood and flow of water and his death if it had have exercised reasonable care or caution in the premises."

The third defense, after stating that the defendant's dam is maintained to create power for the manufacture of electricity, proceeds thus:

"And that said dam was at the time of said alleged accident and ever since said dam was built, maintained and used in a reasonable and proper manner so as not to interfere with the steady and constant natural flow of said stream except to that extent which is reasonable in the operation of said dam, for said purposes, and as defendant had a right to do.

"And defendant especially avers that at the time of the alleged accident to plaintiff's intestate it was using and operating said dam in the reasonable and lawful manner and in such manner as it had a right to do."

The defendant interprets the ruling of the trial court as implying that it can be held liable upon a mere showing that the death resulted from the operation of its dam, without proof of any negligence on its part; and its argument is largely directed to a refutation of this theory. The plaintiff, however, makes no such contention, but maintains that the demurrer was rightly sustained because the allegation of the lawfulness of the defendant's conduct is a mere conclusion of law, and amounts only to a denial of the charge of negligence.

We do not regard the ruling as open to the construction placed upon it by the defendant, nor as erroneous. The third

defense states in effect that the defendant's conduct with respect to the dam was rightful, and if this is true no liability could attach to it. But, as suggested, this is a mere conclusion and essentially nothing but a denial of the plaintiff's allegation that its conduct was wrongful. It adds nothing to the development of the issues, for nothing could be proved under it that would not be admissible under the general denial. If the language demurred to is construed as meaning that the defendant used the dam in a manner that was reasonable and proper with respect to the results to be accomplished in the operation of its plant, this constitutes no defense. The fact that a particular act on its part is reasonably adapted to the lawful prosecution of the defendant's business does not necessarily make its performance rightful. If the death of the plaintiff's husband was due to the conduct of the defendant, its liability depends upon whether, in view of all the circumstances and surroundings, it violated in that respect any duty which it owed him. The petition, in effect and in general terms, affirmed this to be the case, and the answer denied it. An issue of fact was thereby joined, to which the third defense added nothing.

The fourth defense was demurrable. If the negligence of the defendant was the proximate cause of the death of the plaintiff's husband, the concurrent negligence of a third person can not affect its liability. (29 Cyc. 497, 498.)

The views stated require an affirmance of the judgment, and there is nothing before us upon which to determine any other questions affecting the defendant's liability.

The judgment is affirmed.